IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JUAN CARLOS VELAZQUEZ and SANDRA RUBIO,<br><br>     Plaintiffs,<br><br>vs.<br><br>HY CITE ENTERPRISES, LLC<br><br>     Defendant. | Case No.: |

## COMPLAINT

Plaintiffs, **JUAN CARLOS VELAZQUEZ** and **SANDRA RUBIO** (hereafter referred to as "Plaintiffs"), by and through their undersigned counsel, **JOHNSON BECKER, PLLC** hereby submits the following Complaint and Demand for Jury Trial against Defendant **HY CITE ENTERPRISES, LLC** (hereafter referred to as "Hy Cite," and "Defendant"), allege the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.  This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was injured by a "Royal Prestige pressure cooker" (hereafter generally referred to as "pressure cooker(s)"), Model No.: CO1255, exclusively sold and distributed by Hy Cite.

2.  On or about December 24, 2022, the Plaintiffs suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly ejecting off the pressure cooker's pot during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and

1

onto the Plaintiffs.

3. The aforementioned pressure cooker was defectively and negligently designed in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product, placing the Plaintiffs and similar consumers in danger while using the pressure cookers.

4. Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiffs and consumers like them.

5. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

### PLAINTIFFS JUAN CARLOS VELAZQUEZ & SANDRA RUBIO

6. Plaintiff Juan Carlos Velazquez is a resident, citizen and is domiciled in the City of Westland, County of Wayne, State of Michigan, and intends to remain in the same indefinitely. Plaintiff Juan Carlos Velazquez is therefore a resident, citizen and is domiciled in the State of Michigan for purposes of diversity pursuant to 28 U.S.C. § 1332.

7. Plaintiff Sandra Rubio is a resident, citizen and is domiciled in the City of Westland, County of Wayne, State of Michigan, and intends to remain in the same indefinitely. Plaintiff Montserrat Perez is therefore a resident, citizen and is domiciled in the State of Michigan for purposes of diversity pursuant to 28 U.S.C. § 1332.

8. Plaintiff Juan Carlos Velazquez purchased the subject pressure cooker directly

from Hy Cite via one of its "independent distributors."[1]

9. On or about December 24, 2022, Plaintiffs suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker; allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

10. The incident occurred as a result of the failure of the pressure cookers supposed "four safety mechanisms,"[2] which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as a result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT HY CITE ENTERPRISES, LLC

11. Defendant Hy Cite designs, markets, imports, distributes and sells a variety of consumer products, including the subject pressure cooker in this case.

12. Hy Cite touts that Royal Prestige is it's "signature collection of innovative home and kitchen solutions and accessories, crafted with the strictest of quality standards" and has "served around 2.6 million customers in the United States and Latin America" over the past five years.[3]

13. Hy Cite is, and was at the time of Plaintiff's injury, a Wisconsin limited liability company with its principal place of business located in Middleton, Wisconsin. Hy Cite Enterprises, LLC, is a wholly owned subsidiary of Hy Cite Corporation, a Wisconsin Corporation. Hy Cite

---

[1] See https://hycite.com/royal-prestige (last accessed May 21, 2025)
[2] https://www.royalprestige.com/en-us/products/detail/pressure-cooker (last accessed May 21, 2025) ("Safety | Four security mechanisms for your peace of mind.")
[3] See https://hycite.com/royal-prestige (last accessed May 21, 2025)

Corporation is the only member of the LLC. Hy Cite does business in all 50 states. Hy Cite is therefore deemed to be a resident and citizen of the State of Wisconsin for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

14. At all times relevant, Defendant Hy Cite substantially participated in the design, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiffs' injuries and damages.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the Defendant is a resident of this District.

## FACTUAL BACKGROUND

18. Hy Cite is engaged in the business of designing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in the litigation.

19. Hy Cite warrants, markets, advertises and sells its Royal Prestige pressure cookers as a means to "save up to a third of the cooking time."[4]

---

[4] *Id.*



20. It further boasts that "with four safety mechanisms, this pressure cooker offers you peace of mind to cook at ease," which purports to keep the user safe while cooking.

21. By reason of the forgoing acts or omissions, the Plaintiffs used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

22. Plaintiffs used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant.

23. However, the aforementioned pressure cooker was defectively and negligently designed in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiffs and similar consumers in danger while using the pressure cookers.

24. The pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

25. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

26. As a direct and proximate result of Defendant's conduct, Plaintiffs used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to the Plaintiffs in this case.

27. Consequently, the Plaintiffs in this case seeks damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiffs to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CAUSES OF ACTION

### COUNT I
### COMMON LAW NEGLIGENCE

28. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

29. At all times material hereto, Hy Cite owed Plaintiffs a duty of reasonable care in the design, testing, manufacture, packaging, labeling, sale and/or placement into the stream of commerce of its pressure cookers.

30. Hy Cite designed, tested, manufactured, packaged, labeled, sold and/or placed into the stream of commerce the subject pressure cooker, which was purchased by Plaintiffs, in a defective condition unreasonably dangerous to foreseeable users.

31. The pressure cookers were neither merchantable nor reasonably suited for their intended, anticipated and/or foreseeable uses when they were designed, tested, manufactured, packaged, labeled and sold and/or otherwise placed into the stream of commerce by Hy Cite.

32. The pressure cookers were defective and unreasonably dangerous at the time they left the possession and control of Hy Cite and they were expected to, and did, reach Plaintiffs in substantially the same condition as they were in at the time they were designed, tested, manufactured, packaged. labeled and sold, and/or otherwise placed into the stream of commerce by Hy Cite.

33. At all relevant times, including when the Incident alleged herein occurred, the pressure cookers were used in a reasonable, intended, anticipated and/or foreseeable manner.

34. Plaintiffs neither misused nor materially altered the pressure cooker prior to the incident.

35. At all times material hereto, Plaintiffs exercised due care and were properly handling the pressure cookers in a reasonable, intended, anticipated and/or foreseeable manner.

36. At all times material hereto, the actions and omissions of Hy Cite were negligent, grossly negligent, reckless and/or careless, and Hy Cite breached duties owed to Plaintiffs by, *inter alia*:

   a. Designing, testing, manufacturing, packaging, labeling and selling the Royal Prestige pressure cookers, including the subject pressure cookers, in a defective, unreasonably dangerous condition due to their ability to be opened under pressure, contrary to the guidelines established by UL 136.

   b. Designing, testing, manufacturing, packaging, labeling and selling the pressure cookers, including the subject pressure cookers, in a condition wherein they did not conform to their intended design or specifications;

   c. Designing, testing, manufacturing, packaging, labeling and selling the pressure cookers, including the subject pressure cookers, in a condition wherein they were not suitable for their intended purposes of cooking; and

   d. In such other particulars as the evidence may show.

37. Hy Cite knew or should have known about the defective nature of its pressure

cookers; yet failed to disclose this knowledge to thousands of consumers, including Plaintiffs, which ultimately resulted in their injuries.

38.     By reason of the foregoing, Plaintiffs demand judgment against Hy Cite for all actual and compensatory damages suffered, together with interest, if applicable, and all costs of this action and for such other and further relief as this Honorable Court and/or jury may deem just and proper.

## COUNT II

### NEGLIGENCE
### Mich. Comp. Laws § 600.2947(6)(a)

39.     At all times material hereto, Hy Cite owed Plaintiff a duty of reasonable care in the design, testing, manufacture, packaging, labeling, sale and/or placement into the stream of commerce of its pressure cookers.

40.     Hy Cite designed, tested, manufactured, packaged, labeled, sold and/or placed into the stream of commerce the subject pressure cooker, which was purchased by Plaintiff, in a defective condition unreasonably dangerous to foreseeable users.

41.     The pressure cookers were defective and unreasonably dangerous at the time they left the possession and control of Hy Cite and they were expected to, and did, reach Plaintiff in substantially the same condition as they were in at the time they were designed, tested, manufactured, packaged. labeled and sold, and/or otherwise placed into the stream of commerce by Hy Cite.

42.     At all relevant times, including when the Incident alleged herein occurred, the pressure cookers were used in a reasonable, intended, anticipated and/or foreseeable manner.

43.     Plaintiffs neither misused, nor materially altered the pressure cookers, at any

time.

44.     At all times material hereto, Plaintiffs exercised due care and was properly handling the pressure cookers in a reasonable, intended, anticipated and/or foreseeable manner.

45.     At all times material hereto, the actions and omissions of Hy Cite was negligent, grossly negligent, reckless and/or careless, and Hy Cite breached duties owed to Plaintiffs by, *inter alia*:

   a. Designing, testing, manufacturing, packaging, labeling and selling the Royal Prestige pressure cookers, including the subject pressure cookers, in a defective, unreasonably dangerous condition due to their ability to be opened under pressure, contrary to the guidelines established by UL 136;

   b. Designing, testing, manufacturing, packaging, labeling and selling the pressure cookers, including the subject pressure cookers, in a condition wherein they did not conform to their intended design or specifications;

   c. Designing, testing, manufacturing, packaging, labeling and selling the pressure cookers, including the subject pressure cookers, in a condition wherein they were not suitable for their intended purposes of cooking; and

   d. In such other particulars as the evidence may show.

46.     Hy Cite knew or should have known about the defective nature of its pressure cookers; yet failed to disclose this knowledge to hundreds or thousands of consumers, including Plaintiffs, which ultimately resulted in their injuries.

47.     By reason of the foregoing, Plaintiffs demand judgment against Hy Cite for all actual and compensatory damages suffered, together with interest, if applicable, and all costs of this action and for such other and further relief as this Honorable Court and/or jury may deem just and proper.

## COUNT III

### BREACH OF IMPLIED WARRANTIES
### Mich. Comp. Laws § 600.2947(6)(a)

48. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

49. Hy Cite designed, tested, manufactured, packaged, labeled, sold and/or placed into the stream of commerce the subject pressure cookers, which were purchased by Plaintiff.

50. The pressure cookers were defective and unreasonably dangerous at the time they left the possession and control of Hy Cite, and they were expected to reach, and did reach, Plaintiffs in substantially the same condition as they were in at the time they were designed, tested, manufactured, packaged, labeled and sold, and/or otherwise placed into the stream of commerce by Hy Cite.

51. Hy Cite implicitly represented and warranted in its promotional literature, on the product box and in its store that the pressure cookers, including the subject pressure cookers could be safely used to cook.

52. The ability to open the pressure cookers while still under pressure, despite Hy Cite's represents of "safety" support breached implied warranties of fitness and merchantability pursuant to Mich. Comp. Laws § 600.2947(6)(a).

53. Plaintiffs' injuries were a direct and proximate result of the breach of implied warranties by Hy Cite in that the pressure cookers designed, tested, manufactured, packaged, labeled and sold, and/or otherwise placed into the stream of commerce by Hy Cite because they were able to be opened while still pressurized; contrary to the requirements of UL 136.

54. By reason of the foregoing, Plaintiffs demand judgment against Hy Cite for all

actual and compensatory damages suffered, together with interest, if applicable, and all costs of this action and for such other and further relief as this Honorable Court and/or jury may deem just and proper.

## **INJURIES & DAMAGES**

55.     As a direct and proximate result of Defendants' negligence and wrongful misconduct as described herein, Plaintiffs have suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiffs are entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

56.     As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiffs have incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiffs are entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

57.     As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiffs have incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns they suffered as a result of the incident. Plaintiffs are entitled to recover damages from Defendant for their past, present and future medical and other expenses in an amount which shall be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment against the Defendant as follows:

A. That Plaintiffs have a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of the Plaintiffs and against Defendant on all of the aforementioned claims and issues;

C. That Plaintiffs recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiffs for their injuries and suffering sustained because of the use of the Defendants' defective pressure cooker;

D. That all costs be taxed against Defendant;

E. That prejudgment interest be awarded according to proof; and

G. That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**JOHNSON BECKER, PLLC**

Dated: October 16, 2025

*/s/ Adam J. Kress*
Adam J. Kress, Esq.
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com

***Attorneys for Plaintiffs***

Case: 3:25-cv-00851 Document #: 1 Filed: 10/16/25 Page 13 of 13